# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MICHAEL VITALE AND SUSAN VITALE,

        Plaintiffs,

    v.                                     Case No. 17-C-1606

SARAH WALSH AND DENNIS WALSH,

        Defendants.

---

## ORDER ADOPTING REPORT AND RECOMMENDATION AND REMANDING CASE

---

      Defendant Sarah Walsh removed to federal court this Kenosha County small claims action seeking eviction and unpaid rents, and requests to proceed *in forma pauperis.* Ms. Walsh claims the case was appropriately removed because she is a member of a protected class.

      Because neither the named plaintiffs nor defendant Dennis Walsh filed consents, the assigned magistrate judge issued a Report and Recommendation recommending this action be remanded to state court for lack of jurisdiction and denial of Ms. Walsh's motion to proceed IFP as moot, thereby concluding the action in this court.[1] The time to respond has lapsed and no has been received. Because no objection was made, I review Magistrate Judge Jones' report for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Upon review, I find no clear error in either the report or the recommendation.

---

[1] Because not all parties have filed a consent to magistrate judge jurisdiction, Magistrate Judge Jones could not remand the case, effectively terminating the federal action. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461 (7th Cir. 2017).

**IT IS THEREFORE ORDERED** that the court **ADOPTS** Magistrate Judge Jones' Report and Recommendation (ECF No. 4) and this case shall be **REMANDED** to Kenosha County Circuit Court.

**IT IS FURTHER ORDERED** that Sarah Walsh's motion to proceed in forma pauperis (ECF No. 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this __14th__ day of December, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

This order and the judgment to follow are final. The plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If the plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If the plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.